EL PUEBLO, DEMANDANTE Y APELADO, *v* ARELLANO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por delito de calumnia e injuria.

No. 905.—Resuelto en marzo 10, 1916.

CALUMNIA E INJURIA — DENUNCIA SUFICIENTE — DENUNCIA FALSA. — Constituye *prima facie* el delito de calumnia e injuria, dentro de la definición que del mismo da el estatuto, el decir una persona a un jefe de policía que, en vergonzosa combinación con los explotadores del obrero, le hizo una denuncia falsa, un rancho, para hacerlo ir a la cárcel.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El acusado y apelante fué dos veces declarado culpable por un delito de calumnia e injuria, primero en la Corte Municipal de Manatí y luego al apelar, y después de celebrado el juicio *de novo,* en la Corte de Distrito de Arecibo, a virtud de una denuncia en la cual se alegaban los hechos en la forma siguiente:

"Que en abril 2, 1915, y en la Calle Eduardo Giorgetti, del Distrito Judicial Municipal de Manatí, P. R., el acusado antes mencionado, maliciosa, ilegal y públicamente en deshonra, descrédito y menosprecio del denunciante profirió, refiriéndose a éste, las siguientes palabras calumniosas: 'Al llegar aquí el jefe de policía de este distrito, en vergonzosa combinación con los explotadores del obrero me hizo una denuncia falsa, un *rancho* para hacerme ir a la cárcel.' "

Se alega que la denuncia no imputa delito alguno y que la sentencia es contraria a la prueba.

Que los hechos alegados constituyen un delito *prima facie,* según la definición que del mismo hace el estatuto, es un hecho que parece demasiado claro para ser discutido.

La prueba fué oída dos veces y tomada en consideración por dos jueces diferentes que llegaron a la misma conclusión. De ser cierta la prueba del Fiscal no hay lugar a dudas en cuanto a la culpabilidad del acusado. Si los testigos de la defensa merecen crédito resulta igualmente claro que el acusado no pronunció las palabras que se le imputaron. Como ocurre a menudo, no hubo término medio en el cual cualquiera de las cortes sentenciadoras hubiera podido fundar su sentencia definitiva. La mera circunstancia de que ambas encontraron que los hechos eran tal como fueron referidos por los testigos del Fiscal, así como el haberse negado a dar crédito al relato hecho por los testigos de la defensa, no constituye un fundamento de revocación. No se ha sugerido que haya habido pasión o prejuicio. Examinada cuidadosamente toda la prueba,—un análisis acabado de la cual no tendría ningún

objeto,—no revela ésta semejante error manifiesto al apreciar la referida prueba por el cual esta corte esté justificada en modificar la sentencia condenatoria, la que debe, por tanto, ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.